IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TRILINK SAW CHAIN, LLC**, a Florida Limited Liability Company, and **TRILINK GLOBAL, LLC**, a Florida Limited Liability Company<br><br>Plaintiffs,<br><br>v.<br><br>**BLOUNT, INC.**, a Delaware corporation; and **OREGON CUTTING SYSTEMS GROUP**, a division of Blount, Inc.<br><br>Defendants. | **CASE NO.: 1:07-CV-0409-CAP** |

**DEFENDANTS' MOTION *IN LIMINE* REGARDING
BLOUNT INTERNATIONAL'S ACQUISITION OF
NON-PARTY COMPANY CARLTON HOLDINGS, INC.
<u>AND MEMORANDUM IN SUPPORT THEREOF</u>**

Defendants Blount, Inc. and Oregon Cutting Systems (collectively "Oregon") respectfully move the Court to preclude Plaintiffs Trilink Saw Chain, LLC and Trilink Global, LLC's (collectively "Trilink") from referring to or presenting evidence or argument at trial relating to the acquisition by Blount International, Inc.

1

and its subsidiary Blount, Inc. of saw chain manufacturer Carlton Holdings, Inc. ("Carlton").

On May 2, 2008, Blount International Inc. and Blount, Inc. acquired Carlton's capital stock. (Ex. A, May 2, 2008 Press Release.) This acquisition is irrelevant to any issue in this case. Additionally, any probative value of such information would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury.

**I.     Analysis**

Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that is not relevant is not admissible. Fed. R. Evid. 402.

Oregon's current relationship with Carlton and its recent acquisition are not relevant to the determination of any issue in this case. The acquisition occurred in May of 2008, long after Oregon ceased disseminating the allegedly false advertising cited in Trilink's Amended Complaint. Carlton is not a party to this case and during the time period that Oregon disseminated the materials in question,

Oregon and Carlton had no relationship other than as competitors in the saw chain industry.

Regardless of the timing of the acquisition, Oregon's relationship with Carlton has no bearing on the elements of Trilink's claims, namely: (1) that Oregon made a false representation of fact about its own or another's products; (2) that the representation actually deceived or has the tendency to deceive a substantial segment of its audience; (3) that the deception is material, in that it is likely to influence the consumers' purchasing decisions; (4) that Oregon caused its false statement to enter interstate commerce; and (5) that Trilink has been or is likely to be injured as a result of the false statement by a causally related diversion of sales or by a lessening of the goodwill associated with its products.  See *Bellsouth Adver. & Pub'g Corp. v. Lambert Publ'g*, 45 F. Supp. 2d 1316, 1320 (S.D. Ala 1999), *aff'd*, 207 F.3d 663 (11th Cir. 2000).[1]  The acquisition similarly has no bearing on Trilink's claims for monetary or equitable relief.

Blount's acquisition of Carlton has no tendency to make the existence of any fact that is of consequence to the determination of this action more or less probable

---

[1] The Eleventh Circuit has said that the Georgia Uniform Deceptive Trade Practices Act ("GUDTPA"), O.C.G.A. § 10-1-370 statute involves the same dispositive questions as the federal Lanham Act. *Jellibeans, Inc. v. Skating Clubs of Georgia, Inc.*, 716 F.2d 833, 839 (11th Cir. 1983).

and should, therefore, be excluded. *See Pesaplastic, C.A. v. Cincinnati Milacron Co.*, 750 F.2d 1516, 1524 (11th Cir. 1985); *Spratlin Outdoor Media, Inc. v. City of Douglasville,* No. Civ.A.1:04CV3444-JEC, 2006 WL 826077 at *5 (N.D. Ga. March 27, 2006) (attached hereto as Ex. B).

Even if relevant, evidence should be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. "Unfair prejudice" under Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 advisory committee's note; see also, *Alimenta, Inc. v. Stauffer*, 598 F.Supp. 934, 941 (N.D. Ga. 1984).

Trilink's previous filings make clear its intent to paint Oregon as the proverbial Goliath to Trilink's David. (*See, e.g.*, Trilink's Mem. in Oppos. To Oregon's Mot. For Par. Sum. Judg. (Dkt. No. 194) at 4; Oct. 9, 2007 Sup. Exp. Rpt. of M. Gallagher at 3-4.)  Oregon's recent acquisition would certainly be an improper consideration for the jury when determining liability and, if necessary, damages.  Wealth and size of a company are not relevant to the case and are highly prejudicial.  *See Warren v. Ford Motor Credit Co.*, 693 F.2d 1373, 1378 (11th Cir.

1982); *Adams Laboratories, Inc. v. Jacobs Engineering Co., Inc.*, 761 F.2d 1218, 1226 (7th Cir. 1984) (holding it was reversible error to permit plaintiff's counsel to continually refer to the relative size of plaintiff and defendant companies). Therefore, any probative value of such information would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury. *See Walker v. Nationsbank of Florida*, 53 F.3d 1548, 1554-55 (11th Cir. 1995).

## II. Conclusion

Accordingly, Oregon respectfully requests that the Court issue an order precluding Trilink from referring to or presenting argument and evidence of Blount's acquisition of Carlton.

Respectfully submitted.

| | |
|---|---|
| Dated:  October 14, 2008 | By:  /s/ Steven M. Kushner |
| David S. Fleming (*pro hac vice*) | Steven M. Kushner (Ga. Bar No. 430510) |
| Thomas L. Holt (*pro hac vice*) | Fellows LaBriola LLP |
| Jon H. Beaupré (*pro hac vice*) | Peachtree Center |
| Brinks Hofer Gilson & Lione | Suite 2300, South Tower, |
| NBC Tower | 225 Peachtree Street, N.E. |
| 455 N. Cityfront Plaza Drive, Suite 3600 | Atlanta, GA 30303-1731 |
| Chicago, IL  60611-5599 | (404) 586-9200 |
| (312) 321-4200 | |
| | Attorneys for Defendants |

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1(B)**

The undersigned certify that the foregoing DEFENDANTS' MOTION IN LIMINE REGARDING BLOUNT INTERNATIONAL'S ACQUISITION OF NON-PARTY COMPANY CARLTON HOLDINGS, INC. AND MEMORANDUM IN SUPPORT THEREOF was prepared using Times New Roman 14 point font in accordance with L.R. 5.1(B).

/s/ Steven M. Kushner
Attorneys for Defendants, BLOUNT, INC., AND OREGON CUTTING SYSTEMS GROUP

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **TRILINK SAW CHAIN, LLC,** a Florida Limited Liability Company, and **TRILINK GLOBAL, LLC,** a Florida Limited Liability Company<br><br>          Plaintiffs,<br><br>          v.<br><br>**BLOUNT, INC.,** a Delaware corporation; and **OREGON CUTTING SYSTEMS GROUP,** a division of Blount, Inc.<br><br>          Defendants. | CASE NO.: 1:07-CV-0409-CAP |

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2008 I electronically filed a true and correct copy of the foregoing DEFENDANTS' MOTION IN LIMINE DEFENDANTS' MOTION IN LIMINE REGARDING BLOUNT INTERNATIONAL'S ACQUISITION OF NON-PARTY COMPANY CARLTON HOLDINGS, INC. AND MEMORANDUM IN SUPPORT THEREOF using the clerk's office CM/ECF system, which will send email notification to the following counsel of record:

> Elizabeth Ann Morgan, Esq.
> Cantor Colburn LLP
> 1180 Peachtree Street N.E., Suite 2050
> Atlanta, GA 30309

>      /s/ Steven M. Kushner
> One of the Attorneys for Defendant, BLOUNT, INC.
> and OREGON CUTTING SYSTEMS GROUP